## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FARAH JOSEPH,

        Plaintiff,                                 **CASE NO.**: 6:25-cv-945

v.

AMAZON.COM SERVICES LLC,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FARAH JOSEPH, by and through her undersigned counsel, brings this action against Defendant, Amazon.com Services LLC ("Amazon" or "Defendant"), for violations of the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg et seq. ("PWFA"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff alleges as follows:

### INTRODUCTION

1. This is an action for damages and equitable relief arising from Defendant's unlawful discrimination against Plaintiff based on her pregnancy-related condition and disability, denial of reasonable accommodations, interference with her FMLA rights, and retaliation for exercising her FMLA rights,

culminating in her wrongful termination on November 26, 2024, in violation of federal and Florida law.

2. Plaintiff, a female employee of Defendant, was diagnosed with an ectopic pregnancy in September 2024, a serious medical condition requiring surgery and recovery. Plaintiff requested a leave of absence as a reasonable accommodation, which Defendant denied, leading to her termination on November 26, 2024.

3. Defendant's actions, including its willful and malicious refusal to accommodate Plaintiff and its retaliatory termination, violated Plaintiff's rights under the PWFA, FCRA, FMLA, and ADA, causing her significant harm, including lost wages, emotional distress, and other damages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise from the same case or controversy.

5. Venue is proper in the Middle District of Florida, Orlando Division, under 28 U.S.C. § 1391(b), as the unlawful employment practices, including Plaintiff's termination, occurred at Defendant's facility located at 12340 Boggy Creek Road, Orlando, FL 32824, within this judicial district.

## PARTIES

6. Plaintiff, FARAH JOSEPH is an individual residing in Florida. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the PWFA, FCRA, FMLA, and ADA.

7. Defendant, AMAZON.COM SERVICES LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. Defendant operates a fulfillment center at 12340 Boggy Creek Road, Orlando, FL 32824, where Plaintiff was employed until her termination on November 26, 2024. Defendant is an employer within the meaning of the PWFA, FCRA, FMLA, and ADA, employing more than 500 employees.

## ADMINISTRATIVE PREREQUISITES

8. On or about February 8, 2025, Plaintiff timely filed a Charge of Discrimination (Charge No. 510-2025-04406) with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations, alleging discrimination based on sex, pregnancy, and disability, as well as retaliation.

9. On March 10, 2025, the EEOC issued a Dismissal and Notice of Right to Sue for Charge No. 510-2025-04406, granting Plaintiff the right to sue within 90 days of receipt. This Complaint is filed within 90 days of Plaintiff's receipt of the Notice, satisfying all administrative prerequisites under the PWFA and ADA.

10. Plaintiff has satisfied all administrative prerequisites for her FCRA claims by filing her charge with the Florida Commission on Human Relations and receiving the EEOC's Notice of Right to Sue.

11. Plaintiff's FMLA claims do not require administrative exhaustion, and this action is timely filed within the applicable statute of limitations.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a Fulfillment Associate at its Orlando, Florida facility since 2019. Her job duties involved labor in a manufacturing warehouse.

13. On September 15, 2024, Plaintiff experienced severe weakness and an abnormally heavy menstrual period. She sought medical attention and was diagnosed with an ectopic pregnancy, a life-threatening condition where the embryo implants outside the uterus, requiring surgical intervention.

14. On September 17, 2024, medical testing confirmed the ectopic pregnancy, with Plaintiff's HCG levels rising from 237 to 450 by September 19, 2024, indicating the need for surgery to remove the embryo and her right fallopian tube.

15. Plaintiff promptly notified Defendant of her condition and requested a leave of absence without pay from September 15, 2024, to October 23, 2024, to undergo surgery and recover. She submitted this request through Defendant's employee app (AtoZ) and sent an email to her Human Resources Associate Partner on September 22, 2024, detailing her diagnosis and need for surgery.

16. Plaintiff's ectopic pregnancy constituted a pregnancy-related condition under the PWFA and a disability under the ADA and FCRA, as it substantially limited major life activities, including reproductive functions and normal cell growth, and required surgical intervention.

17. Plaintiff's requested leave was a reasonable accommodation for her pregnancy-related condition and disability, posing no undue hardship on Defendant's operations, given its size and resources.

18. Defendant was also on notice of Plaintiff's eligibility for FMLA leave, as she had worked for Defendant for over five years, met the hours-of-service requirement, and suffered from a serious health condition (ectopic pregnancy) requiring continuing treatment.

19. On November 3, 2024, Plaintiff informed Defendant via email that her doctor estimated the paperwork would take 10 to 15 business days to process.

20. On November 13, 2024, Plaintiff's healthcare provider, Arielle Falco, M.D. completed a Health Care Provider Form, confirming Plaintiff's ectopic pregnancy, surgery, and recovery period from September 15, 2024, to October 23, 2024, and sent it to Defendant via facsimile.

21. Defendant refused to grant Plaintiff's requested leave, and it terminated her employment on November 26, 2024, because she was not approved for leave from September 15, 2024, to October 23, 2024.

22. Defendant's actions caused Plaintiff to suffer lost wages, emotional distress, and other damages.

## COUNT I: VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT
### (42 U.S.C. § 2000gg et seq.)

23. Plaintiff incorporates by reference paragraphs 1–22 as if fully set forth herein.

24. The PWFA requires employers to provide reasonable accommodations for known limitations related to pregnancy, childbirth, or related medical conditions, unless such accommodations would impose an undue hardship.

25. Plaintiff's ectopic pregnancy constituted a known limitation related to pregnancy, requiring a reasonable accommodation of unpaid leave from September 15, 2024, to October 24, 2024.

26. Defendant was on notice of Plaintiff's condition through her AtoZ request before her first missed shift and Plaintiff's email to her Human Resources Associate Partner on September 22, 2024, as well as subsequent medical documentation.

27. Defendant failed to provide Plaintiff with the requested leave or engage in an interactive process to identify alternative accommodations, instead Defendant terminated Plaintiff's employment on November 26, 2024, because of her pregnancy-related condition.

28. Granting Plaintiff's requested leave would not have imposed an undue hardship on Defendant, given its size and resources.

29. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights under the PWFA, warranting punitive damages to deter such egregious conduct.

WHEREFORE, the Plaintiff hereby demands judgment in her favor and against the Defendant and respectfully requests that this Court grant her the following relief:

A. Declare that Defendant violated the PWFA and engaged in unlawful conduct and employment practices prohibited by the PWFA in that it interfered with the exercise of and the attempt to exercise one or more of Plaintiff's rights guaranteed by the PWFA;

B. Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the PWFA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the PWFA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous position with retroactive seniority and granting her full backpay with interest, pension and related benefits;

C. Award punitive damages for Defendant's willful and malicious conduct, in an amount to be determined at trial;

D. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E. Award Plaintiff her attorneys' fees, reasonable expert witness fees, litigation expenses, and the costs of this action; and

F. Grant such other and further relief as this Honorable Court may deem equitable, just and proper.

## COUNT II: FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))

30. Plaintiff incorporates by reference paragraphs 1–22 as if fully set forth herein.

31. Under the FMLA, an eligible employee may take up to twelve (12) weeks of leave during any twelve-month period for a serious health condition.

32. The FMLA also gives the employee, after her leave, the right to be restored by the employer to the position held when the leave began, or to be given an equivalent position.

33. The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any of these rights under the FMLA.

34. At all times material herein, Defendant was, and is, an employer within the meaning of the FMLA. 29 U.S.C. § 2611(4).

35. As more particularly alleged hereinabove, at all material times herein, Defendant was an employer covered by the FMLA as it was engaged in commerce or in an industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 C.F.R. § 825.104.

36. As more particularly alleged hereinabove, at all times material herein, Plaintiff was employed by Defendant and was an eligible employee within the meaning of the FMLA.

37. As more particularly alleged hereinabove, Plaintiff was an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for at least twelve (12) months before the date her FMLA leave was to begin; Plaintiff worked for Defendant at least 1,250 hours during the twelve-month period immediately preceding the commencement of her FMLA leave; and Plaintiff was employed at a worksite where fifty (50) or more employees were employed by Defendant within seventy-five (75) miles of that worksite. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110.

38. At all times material herein, Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason for such leave.

39. Plaintiff was an eligible employee under the FMLA, having worked for Defendant for over twelve months and meeting the hours-of-service requirement.

40. The plaintiff's ectopic pregnancy was a serious health condition requiring continuing treatment, including surgery and recovery.

41. As more particularly alleged hereinabove, Plaintiff provided Defendant with proper notice of her need for FMLA leave as she notified Defendant of the need to take FMLA leave in a timely manner and in a way that alerted Defendant that her absence would qualify as FMLA leave.

42. Defendant interfered with Plaintiff's FMLA rights by denying her requested leave and terminating her employment on November 26, 2024, preventing her from exercising her FMLA entitlements.

43. Defendant willfully violated the FMLA and cannot demonstrate that its interference with and denial of Plaintiff's rights under the FMLA was done in good faith.

44. As a direct and proximate result of Defendant's aforementioned actions, inactions, and violations of the FMLA, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits, and other compensation.

45. In addition, Plaintiff is entitled to appropriate equitable relief including employment and reinstatement. 29 U.S.C. § 2617(a)(1)(B).

46. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

47. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, the Plaintiff hereby demands judgment in her favor and against the Defendant and respectfully requests that this Court grant her the following relief:

G. Declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it interfered with the exercise of and the attempt to exercise one or more of Plaintiff's rights guaranteed by the FMLA;

H. Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful

conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous position as Director of Quality with retroactive seniority and granting her full backpay with interest, pension and related benefits;

I. Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

J. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

K. Award Plaintiff her attorneys' fees, reasonable expert witness fees, litigation expenses, and the costs of this action; and

L. Grant such other and further relief as this Honorable Court may deem equitable, just and proper.

### COUNT III: FMLA RETALIATION (29 U.S.C. § 2615(a)(2))

48. Plaintiff incorporates by reference paragraphs 1–22 as if fully set forth herein.
49. Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting her rights under the FMLA. 29 U.S.C. § 2615(a)(2).

50. At all times material herein, Defendant was, and is, an employer within the meaning of the FMLA. 29 U.S.C. § 2611(4).

51. As more particularly alleged hereinabove, at all material times herein, Defendant was an employer covered by the FMLA as it was engaged in commerce or in an industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 C.F.R. § 825.104.

52. As more particularly alleged hereinabove, at all times material herein, Plaintiff was employed by Defendant and was an eligible employee within the meaning of the FMLA.

53. As more particularly alleged hereinabove, Plaintiff was an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for at least twelve (12) months before the date her FMLA leave was to begin; Plaintiff worked for Defendant at least 1,250 hours during the twelve-month period immediately preceding the commencement of her FMLA leave; and Plaintiff was employed at a worksite where fifty (50) or more employees were employed by Defendant within seventy-five (75) miles of that worksite. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110.

54. At all times material herein, Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason for such leave.

55. Plaintiff engaged in protected activity by requesting FMLA leave for her serious health condition.

56. Defendant retaliated against Plaintiff by denying her leave request and terminating her employment on November 26, 2024, because of her FMLA-protected activity.

57. Defendant knew that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to a FMLA-protected leave of absence.

58. Defendant, by and through its managers, supervisors, and/or agents, violated the FMLA and retaliated against Plaintiff by, among other things, reprimanding/disciplining Plaintiff and terminating Plaintiff's employment.

59. Defendant, by and through its managers, supervisors, and/or agents, reprimanded/disciplined Plaintiff and terminated Plaintiff's employment because of Plaintiff's FMLA-protected activity in exercising her rights to request and/or take FMLA leave due to her serious health condition.

60. Defendant, by and through its managers, supervisors, and/or agents, would not have reprimanded/disciplined Plaintiff and terminated Plaintiff's employment had she not engaged in FMLA-protected activity but everything else had been the same.

61. A causal connection exists between Plaintiff's requesting and/or taking of FMLA leave and Defendant's adverse employment actions and ultimate decision to terminate Plaintiff's employment.

62. As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

63. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

64. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

65. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, the Plaintiff hereby demands judgment in her favor and against the Defendant and respectfully requests that this Court grant her the following relief:

A. Declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it retaliated against Plaintiff for exercising her rights under the FMLA;

B. Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendant employ

and reinstate Plaintiff to her previous position as Director of Quality with retroactive seniority and granting her full backpay with interest, pension and related benefits;

      C.    Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

      D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

      E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

      F.    Grant such other and further relief as this Honorable Court may deem equitable, just and proper.

**COUNT IV: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C. § 12101 et seq.)**

66. Plaintiff incorporates by reference paragraphs 1–22 as if fully set forth herein.
67. The ADA prohibits discrimination on the basis of disability and requires employers to provide reasonable accommodations to qualified individuals with disabilities, unless doing so would cause an undue hardship.
68. Plaintiff's ectopic pregnancy constituted a disability under the ADA, as it substantially limited major life activities, including reproductive functions and normal cell growth, as defined under the ADA Amendments Act of 2008.
69. Plaintiff was a qualified individual with a disability, capable of performing the essential functions of her job with the reasonable accommodation of unpaid leave.

70. Defendant was on notice of Plaintiff's disability through her AtoZ request, email to her Human Resources Associate Partner, and medical documentation.

71. Defendant failed to provide Plaintiff with the requested leave or engage in an interactive process to identify alternative accommodations, instead it terminated her employment on November 26, 2024, because of her disability.

72. Granting Plaintiff's requested leave would not have imposed an undue hardship on Defendant.

73. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights under the ADA, warranting punitive damages to deter such egregious conduct.

WHEREFORE, the Plaintiff hereby demands judgment in her favor and against the Defendant and respectfully requests that this Court grant her the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, as amended, and its implementing Regulations, by discriminating against Plaintiff and failing to provide her with reasonable accommodations;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, reinstatement with the reasonable accommodation of intermittent leave without pay or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully,

justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

  D. Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

  E. Punitive Damages;

  F. Award Plaintiff pre- and post-judgment interest;

  G. Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

  H. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (Fla. Stat. § 760.01 et seq.)

74. Plaintiff incorporates by reference paragraphs 1–22 as if fully set forth herein.
75. The FCRA prohibits discrimination on the basis of a disability and requires employers to provide reasonable accommodations for disabilities.
76. Plaintiff's ectopic pregnancy constituted a pregnancy-related condition and a disability under the FCRA, as it substantially limited major life activities, including reproductive functions.

77. Defendant discriminated against Plaintiff by denying her leave request and terminating her employment on November 26, 2024, because of her pregnancy and/or disability.

78. Defendant failed to provide Plaintiff with a reasonable accommodation of unpaid leave or engage in an interactive process, in violation of the FCRA.

79. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA, warranting punitive damages to deter such egregious conduct.

WHEREFORE, the Plaintiff hereby demands judgment in her favor and against the Defendant and respectfully requests that this Court grant her the following relief:

I. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA, as amended, and its implementing Regulations, by discriminating against Plaintiff and failing to provide her with reasonable accommodations;

J. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, reinstatement with the reasonable accommodation of intermittent leave without pay or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

K. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions

pursuant to the FCRA;

L.   Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

M.   Punitive Damages;

N.   Award Plaintiff pre- and post-judgment interest;

O.   Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

P.   Grant such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

80. Plaintiff, by and through her undersigned counsel, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 29th day of May 2025.

By: /s/ Frank M. Malatesta
**FRANK M. MALATESTA**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*